IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| GREGORY DIXSON, 28611-044, )<br>     Petitioner, )<br> ) | |
| v.                                                      ) | No. 3:10-CV-2614-P |
| ) | |
| WARDEN MAUREEN CRUZ, )<br>     Respondent.                                   ) | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. § 636(b), and an order of the District Court in implementation thereof, this has been referred to the United States Magistrate Judge. The findings, conclusions and recommendation of the Magistrate Judge are as follows:

FINDINGS AND CONCLUSIONS:

Type of Case: This is a *pro se* petition for habeas corpus relief brought pursuant to 28 U.S.C. § 2241.

Statement of Case: Petitioner alleges the Bureau of Prisons ("BOP") has miscalculated his time credits and has failed to run his two federal sentences concurrently.

On December 3, 2008, in cause number 4:04-CR-687-ERW, Petitioner was sentenced to 37 months imprisonment for violating his conditions of supervised release. The court ordered the sentence to run concurrently with the sentence to be imposed in cause number 4:07-CR-727-CAS.

On October 22, 2009, in cause number 4:07-CR-727-CAS, Petitioner was sentenced to 42 months imprisonment. The court ordered the sentence to run concurrently with the 37 month sentence imposed in 4:04-CR-687-ERW.

The BOP has determined that Petitioner's projected release date on the two aggregated sentences is December 22, 2011. Petitioner argues this release date fails to credit him for time he spent in pre-trial detention.

<u>Findings and Conclusions</u>: When a prisoner has more than one sentence to serve, the BOP aggregates the two sentence as one sentence. "Multiple terms of imprisonment ordered to run consecutively or concurrently shall be treated for administrative purposes as a single, aggregate term of imprisonment." 18 U.S.C. § 3584(c).

In this case, Petitioner's first sentence in cause number 4:04-CR-687-ERW was 37 months that began when he was sentenced on December 3, 2008. Petitioner's second sentence in cause number 4:07-CR-727-CAS began when he was sentenced on October 22, 2009. Although Petitioner's sentences are concurrent, his second sentence of 42 months did not begin at the same time as his first sentence for 37 months, because his second sentence was not imposed until approximately eleven months after his first sentence was imposed. A federal sentence cannot begin on a date before it was actually imposed. *Wilson v. Henderson*, 468 F.2d 582, 584 (5th Cir. 1972) ("A sentence cannot commence prior to the date it was pronounced even if it is to be concurrent to a sentence already being served."); *Miramontes v. Driver*, 243 Fed. Appx. 855, 856 (5th Cir. 2007) ("a district court does not have the authority under § 3585(b) to order a federal sentence to run absolutely concurrently with a prior sentence."). Petitioner's two sentences were aggregated under 18 U.S.C. § 3584(c) so that his sentence began on December 3, 2008, and without any other time credits, would end on April 21, 2013.

Petitioner was credited with 280 days of pre-trial detention for the time between the date of his arrest on February 27, 2008, and the date of his sentencing on his first conviction on

2

December 3, 2008.  Petitioner was not credited with an additional 280 days of pre-trial detention on his second sentence because the pre-trial detention time had already been credited to his first sentence.  *See* 18 U.S.C. §3585(b)[1]; *Williams v. Young*, 311 Fed. Appx. 698, 699 (5th Cir. 2009) (finding where two concurrent sentences are aggregated petitioner "is not entitled to [pre-trial] credit toward each individual sentence" but is only entitled to pre-trial credit on the one aggregated sentence).

Petitioner has failed to show the BOP has incorrectly calculated his sentence and/or incorrectly failed to credit him for time spent in pre-trial detention.  The petition should therefore be denied.

RECOMMENDATION

For the foregoing reasons, the Court recommends that the petition for writ of habeas corpus be denied.

Signed this 3rd  day of October,  2011.

_____
PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

---

[1](b) Credit for prior custody - A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences -

    (1)    as a result of the offense for which the sentence was imposed; or

    (2)    as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed;

that has not been credited against any other sentence.  18 U.S.C. § 3585(b).

NOTICE

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).